**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**

**Case No. 0:18-CV-62863**

**ARIELLE MARIE SALOMON,**

      **Plaintiff,**

**v.**

**EZCORP, INC., and
DAVID WATSON, an individual,**

      **Defendant.**

_____/

**<u>DEFENDANT EZCORP, INC.'S NOTICE OF REMOVAL</u>**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant

EZCORP, INC. (hereinafter "Defendant"), removes this action from the Circuit Court for the

Seventeenth Judicial Circuit, in and for Broward County, Florida to the United States District

Court for the Southern District of Florida, Fort Lauderdale Division.  As grounds for removal and

for no other purpose, Defendant states:

1.      On or about October 10, 2018, Plaintiff Arielle Marie Salomon ("Plaintiff")

commenced an action in the Circuit Court for the Seventeenth Judicial Circuit, in and for Fort

Lauderdale County, Florida, captioned *Arielle Marie Salomon v. EZCorp., Inc. a Florida

Corporation[1], and David Watson, an individual*, Case No. 2018-023995 (the "State Court

Action").

2.      Defendant was served with the Summons and Complaint in the State Court Action

on October 26, 2018. Defendant David Watson has not been served with the Summons and

---

[1] EZCorp., Inc. is not a Florida Corporation.

Complaint in the State Court Action. Defendant Watson has informed undersigned counsel that he consents to the Removal of this cause of action.

3.      Defendant is filing this Notice of Removal within thirty (30) days after service of the Summons and Complaint.  The date on or before which Defendant is required by law to remove this action is November 26, 2018.  Therefore, this Notice of Removal is timely filed under the provisions of 28 U.S.C. § 1446(b).

4.      The Circuit Court for the Seventeenth Judicial Circuit, in and for Broward County, Florida is located within the Southern District of Florida, Fort Lauderdale.  Thus, venue is proper in this Court because it is the "district and division embracing the place where such [state court] action is pending."  28 U.S.C. §1441(a).

5.      In accordance with 28 U.S.C. §1446(a) a copy of the entire court file in the State Court Action, including all pleadings and papers that have been filed and served on Defendant EZCorp, Inc. in the State Court Action, is attached to this Notice as Exhibit 1.  Plaintiff has not served upon Defendant David Watson any other process, pleadings, or orders.

6.      Promptly upon filing this Notice of Removal, Defendant will give written notice to Plaintiff's counsel and will file a copy of this Notice of Removal with the Circuit Court for the Seventeenth Judicial Circuit in and for Broward County, Florida, as required by 28 U.S.C. §1446(d).  Attached to this Notice as Exhibit 2 is a copy of the Notice of Defendant's Notice of Removal to Federal Court which is being filed in the Circuit Court for the Seventeenth Judicial Circuit in and for Broward County, Florida.

**This Court Has Diversity Jurisdiction**
**Over Plaintiff's Complaint**

7.      This Court has original jurisdiction pursuant to 28 U.S.C. § 1332 and which may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441, in that it is a civil action in which

the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs and is between citizens of different states.

(a)    Upon information and belief, Plaintiff was at the time she commenced this case, and still is, a citizen of the State of Florida. (Compl. 3(a)).

(b)    Mr. Watson was at the time Plaintiff commenced this case, and still is, a citizen of the State of Florida[2].

(c)    EZCorp was at the time Plaintiff commenced this case, and still is, a corporation incorporated only under the laws of Delaware, with its principal place of business in Texas.  (Exhibit 3 – Division of Corporations).

(c)    EZCorp was not at the time Plaintiff commenced this case, has not been, and is not now, a citizen of the State of Florida, the state in which Plaintiff commenced this case.

(d)    Plaintiff seeks an award of actual and compensatory damages, and punitive damages for alleged race and/or national origin discrimination in violation under the Florida Civil Rights Act, retaliation under the Florida Civil Rights Act and negligent infliction of emotional distress.  Based on the alleged violations she is claiming to have suffered, Plaintiff clearly seeks an award of damages exceeding $75,000.00, exclusive of interest and costs, as Plaintiff's employment was terminated over two years ago in September of 2016.

---

[2] Defendant Watson was fraudulently joined in an effort to thwart removal. Plaintiff alleges a claim against Defendant Watson for Negligent Infliction of Emotional Distress based upon statements he allegedly made. There is no possibility that Plaintiff can prove a cause of action against Defendant Watson because statements do not qualify as a physical impact and cannot satisfy Florida's Impact Rule. *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir.1983); *Florida Dept. of Corrections v. Abril*, 969 So. 2d 201 (Fla. 2007); *Southern Baptist Hosp. of Florida, Inc. v. Welker*, 908 So. 2d 317 (Fla. 2005); *D.E.W. v. Krouse*, 41 So. 3d 320 (Fla. 4th DCA 2010); *School Bd. of Miami-Dade County, Florida v. Trujillo*, 906 So. 2d 1109, 200 Ed. Law Rep. 910 (Fla. 3d DCA 2005); *St. Joseph's Hosp. v. Cowart*, 891 So. 2d 1039 (Fla. 2d DCA 2004). *Miami-Dade County v. Cardoso*, 922 So. 2d 301 (Fla. 3d DCA 2006).

8.      Based upon the preceding facts, this Court has diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332, and this case is therefore properly removable to this Court pursuant to 28 U.S.C. § 1441(b).

WHEREFORE, Defendant hereby gives notice pursuant to 28 U.S.C. § 1446 of the removal of this action from the Circuit Court for the Seventeenth Judicial Circuit in and for Broward County, Florida, to the United States District Court for the Southern District of Florida, Fort Lauderdale Division, and request that all further proceedings be conducted in this Court as provided by law.

Respectfully submitted, this 26th day of November 2018.

/s/ *Brett Owens*
Theresa M. Gallion
Cornell Smith Mierl Brutocao Burton, LLP
1607 West Avenue
Austin, Texas 78701
Telephone: 512 328 1540
Florida Bar No.: 0726801
tgallion@cornellsmith.com

Brett P. Owens
Fisher & Phillips, LLP
Florida Bar No. 0112677
bowens@fisherphillips.com
101 E. Kennedy Blvd., Suite 2350
Tampa, Florida 33602
Telephone: (813) 769-7500
Facsimile: (813) 769-7501

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on this 26th day of November 2018, the foregoing NOTICE

OF REMOVAL was served via CM/ECF Notification and electronic mail, upon the following:

Chris Kleppin
Glasser & Kleppin, P.A.
8751 W. Broward Blvd., STE 105
Plantation, FL 33324
ckleppin@gkemploymentlaw.com

<u>/s/ **Brett Owens**</u>
Attorney

5

## SERVICE LIST

**United States District Court – Southern District of Florida**
**Arielle Marie Salomon v. EZCorp. and David Watson**
**Case No. 0:18-CV-62863**

| | |
|---|---|
| Chris Kleppin<br>Glasser & Kleppin, P.A.<br>8751 W. Broward Blvd., STE 105<br>Plantation, FL 33324<br>Telephone: 954-424-1933<br>Facsimile: 954-474-7405<br>ckleppin@gkemploymentlaw.com<br><br>*Attorneys for Plaintiff* | Theresa M. Gallion<br>Cornell Smith Mierl Brutocao Burton, LLP<br>1607 West Avenue<br>Austin, Texas 78701<br>Telephone: 512 328 1540<br>Florida Bar No.: 0726801<br>tgallion@cornellsmith.com<br><br>Brett P. Owens<br>Fisher & Phillips, LLP<br>Florida Bar No. 0112677<br>bowens@fisherphillips.com<br>101 E. Kennedy Blvd., Suite 2350<br>Tampa, Florida 33602<br>Telephone: (813) 769-7500<br>Facsimile: (813) 769-7501<br>*Attorneys for Defendants* |

6